RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _6 / 24 / 2010_

_M Cassandra_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. No.: _10 - CR - 00198_ |
| | * | |
| | * | |
| | * | 18 U.S.C. § 371 |
| VERSUS | * | 18 U.S.C. § 545 |
| | * | 21 U.S.C. § 333(e) |
| | * | 21 U.S.C. § 853 |
| LINDA C. BUNCH           (01) | * | |
| DALLAS D. HUMBLE and     (02) | * | JUDGE ROBERT G. JAMES |
| PAUL N. TEMPLE           (03) | * | MAGISTRATE JUDGE HAYES |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
18 U.S.C. § 371
(Conspiracy to Import and Distribute Human Growth Hormone)

**AT ALL TIMES MATERIAL HEREIN:**

I.    **Introduction**

A.    The Northeast Louisiana Anti-Aging and Wellness Center ("NLAWC" or "the Center") provided anti-aging services to patients. The Center was located at 2501 Ferrand Street, Monroe, Louisiana, and 3602 Cypress Street, West Monroe, Louisiana.

B.    The Defendant, **LINDA C. BUNCH**, practiced as a physician at the NLAWC.

C.    The Defendant, **DALLAS D. HUMBLE**, a chiropractor by training, owned

Page 1 of 13

and managed the NLAWC.

D.    The Defendant, **PAUL N. TEMPLE**, d/b/a Temple Systems, Inc., operated his computer business out of offices located at 3602 Cypress Street, Suite A, West Monroe, Louisiana, and is not, nor has he ever been a licensed medical doctor.

## II.    Background

A.    The United States Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the federal Food, Drug, and Cosmetic Act (the "FDCA"), 21 U.S.C. § 301 et. seq.  The FDA's responsibilities included regulating the manufacture, labeling and distribution of prescription drugs shipped or received in interstate commerce.

B.    The FDCA prohibited the knowing distribution of, or possession with intent to distribute, human growth hormone ("hGH") for any use in humans other than the treatment of a disease or other recognized medical condition that had been authorized by the Secretary of the United States Department of Health and Human Services ("HHS") and that was pursuant to the order of a physician.  21 U.S.C. § 333(e).

C.    The term hGH means somatrem, somatropin, or analogue of either somatrem or somatropin.  21 U.S.C. § 333(e)(4).  Somatrem was an analog of somatropin.  Somatropin was a synthetic or naturally occurring growth hormone from the human pituitary gland.

D.    The only uses of FDA-approved hGH drugs that had been authorized by the Secretary of HHS were for the treatment of the following:

1. short stature in children with GH deficiency (GHD);

2. short stature in children with idiopathic short stature;

3. short stature in children with Turner syndrome;

4. short stature in children with chronic renal insufficiency;

5. short stature in children with Prader-Willi syndrome;

6. short stature in children who were born small for gestational age and failed to "catch-up";

7. adult growth hormone deficiency characterized as: (a) Adult-onset growth hormone deficiency; and (b) Childhood onset growth hormone deficiency.

8. adults with wasting/cachexia associated with human immunodeficiency virus (HIV) infection; and

9. adults with short bowel syndrome.

E.    The FDA did not approve the use of hGH imported from China for any use.

F.    Genescience Pharmaceuticals Company, LTD (hereinafter "GenSci") operated out of Changchun, in the People's Republic of China and supplied hGH to the Defendants directly and indirectly.

A.    THE CONSPIRACY

Beginning or about July 1, 2003, and continuing until at least on or about July 31, 2008, the exact dates being uncertain, in the Western District of Louisiana and

elsewhere, the Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** and others known and unknown to the grand jury, knowingly and willfully combined, conspired, confederated and agreed together with others known and unknown to the grand jury, to commit the following offenses against the United States in the Western District of Louisiana and elsewhere:

1. Knowingly and fraudulently import and bring into the United States merchandise, and received, concealed, bought, sold and facilitated the transportation, concealment and sale of merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, specifically human growth hormone ("hGH") not approved by the FDA and imported from China for unapproved uses, in violation of Title 21, United States Code, Section 331(a), (d), 352(f), and 355, all in violation of Title 18, United States Code Section 545 and Title 18, United States Code Section 2; and

2. Knowingly possessing with an intent to distribute, distributing and dispensing, and causing to be distributed and dispensed, human growth hormone ("hGH"): (1) for a purpose other than the treatment of a disease or other recognized medical condition, the use of which had been authorized by the Secretary of Health and Human Services, in that neither the Secretary of Health and Human Services pursuant to Title 21, United States Code, Section 355 (prohibiting the introduction into interstate

commerce of a new drug without proper application and approval) and (2) pursuant to the order of a physician, in violation of Title 21, United States Code, Sections 333(e).

## III.   THE OBJECT OF THE CONSPIRACY

The primary object of the conspiracy was to distribute hGH for sale for anti-aging and other unapproved purposes.

## IV.   MANNER AND MEANS OF ACCOMPLISHING THE OBJECT OF THE CONSPIRACY

To accomplish this objective, the Defendant and others known and unknown to the grand jury, employed various manners and means including the following:

a.   The Defendants provided money to co-conspirators for the purchase of hGH from China-based and U.S.-based manufacturers.

b.   The hGH manufacturers caused vials of hGH to be delivered from China and elsewhere to the NLAWC in Monroe, Louisiana.

c.   The Defendants then caused the vials containing hGH delivered from China and elsewhere to be provided to NLAWC patients and NLAWC employees in the Western District of Louisiana and to customers elsewhere.

d.   The Defendants tracked the distribution of hGH to NLAWC patients, NLAWC employees and others in part through the use of hGH Inventory Lists.

## V.    THE OVERT ACTS

**A.**    In furtherance of the conspiracy and to affect the object thereof, the Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana and elsewhere:

1. On or about July 23, 2003, **PAUL N. TEMPLE** initiated communications with a Chinese supplier of hGH via email regarding the pricing of prospective hGH purchases. Subsequently, the Defendants paid **PAUL N. TEMPLE** to submit periodic orders of hGH via email for themselves and others;

2. On or about August 6, 2003, **LINDA C. BUNCH** and **DALLAS D. HUMBLE,** paid $1,060.00 for the purchase of hGH;

3. On or about August 14, 2003, **PAUL N. TEMPLE** wire transferred $2,100.00 for the purchase of hGH from GenSci;

4. On or about October 14, 2003, **DALLAS D. HUMBLE** paid $1,022.80 for the purchase of hGH;

5. On or about October 20, 2003, **PAUL N. TEMPLE** wire transferred $2,100.00 for the purchase of hGH from GenSci;

6. On or about May 13, 2004, **PAUL N. TEMPLE** caused a package, which was labeled as containing "Sample of Plastic Parts," to be sent by DHL from China that actually contained vials of hGH;

7. On or about May 28, 2004, **PAUL N. TEMPLE** faxed a letter to the FDA San Francisco District Office requesting that his shipment of somatropin hGH from China be released and forwarded to him;

8. On or about January 24, 2005, **PAUL N. TEMPLE** wire transferred $1,150.00 to the Bank of China for the purchase of hGH from GenSci;

9. On or about November 3, 2005, **PAUL N. TEMPLE** wire transferred $1,780.00 to the Bank of China for the purchase of hGH from GenSci; and

10. On or about October 20, 2006, **PAUL N. TEMPLE** wire transferred $1,780.00 to the Bank of China for the purchase of hGH from GenSci.

11. The allegations of Counts 2-22 are re-alleged and incorporated by reference as though fully set forth herein as separate overt acts.

All in violation of Title 18, United States Code, Section 371 [18 U.S.C. § 371].

## COUNTS 2-20
21 U.S.C. §§ 333(e) and 2
(Distribution of Human Growth Hormone)

A.    The allegations of Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

B.    On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** as aided and abetted by others, did knowingly distribute, possess with an intent to distribute, and cause to be distributed and dispensed human growth hormone

("hGH"): (1) for a purpose other than the treatment of a disease or other recognized medical condition, the use of which had been authorized by the Secretary of Health and Human Services pursuant to Title 21, United States Code, Section 355 (prohibiting the introduction into interstate commerce of a new drug without proper application and approval) and (2) pursuant to the order of a physician, and did aid and abet the same,

| Count | Date of Distribution | Patient Name (Or Initials Representing Name) to Whom hGH was Distributed | Approximate Amount of hGH Distributed |
|---|---|---|---|
| 2. | 07/07/2005 | J.S. | 20 IUs |
| 3. | 07/15/2005 | K.M. | 20 IUs |
| 4. | 07/27/2005 | K.M. | 10 IUs |
| 5. | 08/12/2005 | S.F. | 20 IUs |
| 6. | 09/02/2005 | K.M. | 10 IUs |
| 7. | 09/06/2005 | D.W. | 20 IUs |
| 8. | 09/29/2005 | R.E. | 40 IUs |
| 9. | 10/27/2005 | N.D. | 20 IUs |
| 10. | 03/15/2006 | K.M. | 18 IUs |
| 11. | 08/11/2006 | R.E. | 27 IUs |
| 12. | 09/28/2006 | J.C. | 27 IUs |
| 13. | 12/13/2006 | E.L. | 9 mg |
| 14. | 02/08/2007 | L.M. | 6 mg |
| 15. | 03/12/2007 | J.C. | 9 mg |
| 16. | 05/18/2007 | Z.B. | 6 mg |
| 17. | 09/28/2007 | S.D. | 15 IUs |
| 18. | 04/27/2008 | J.C. | 15 IUs |
| 19. | 06/03/2008 | S.D. | 5 x 1 |
| 20. | 06/30/2008 | R.H. | 5 x 1 |

all in violation of Title 21, United States Code Section 333(e) and Title 18, United States Code Section 2.  21 U.S.C. § 333(e) and 18 U.S.C. § 2.

## COUNT 21
18 U.S.C. § 545; 21 U.S.C. §§ 331(a), (d) 352(f) and 355; 18 U.S.C. § 2
(Facilitation and Receipt of Smuggled hGH)

A.    The allegations of Counts 1 through 20 are re-alleged and incorporated by

reference as though fully set forth herein.

B.      Between on or about July 1, 2005 and July 12, 2005, the exact dates being uncertain, in the Western District of Louisiana and elsewhere, the Defendants, **LINDA C. BUNCH** and **DALLAS D. HUMBLE**, as aided and abetted by others known and unknown to the grand jury, did knowingly and fraudulently import and bring into the United States merchandise, and received, concealed, bought, and facilitated the transportation, concealment and sale of merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, that is the Defendants, **LINDA C. BUNCH** and **DALLAS D. HUMBLE**, then knowing that said merchandise, non FDA approved hGH from China, had been imported and brought into the United States contrary to law, and did aid and abet the same, in violation of Title 21, United States Code, Sections 331(a), (d), 352(f) and 355, all in violation of Title 18, United States Code Section 545 and Title 18, United States Code Section 2.  18 U.S.C. § 545 and 18 U.S.C. § 2.

## COUNT 22
18 U.S.C. § 545; 21 U.S.C. §§ 331(a), (d), 352(f) and 355; 18 U.S.C. § 2
(Facilitation and Receipt of Smuggled hGH)

A.      The allegations of Counts 1 through 21 are re-alleged and incorporated by reference as though fully set forth herein.

B.      On or about November 3, 2005, the exact dates being uncertain, in the Western District of Louisiana and elsewhere, the Defendant, **PAUL N. TEMPLE**, as aided and abetted by others, did knowingly and fraudulently import and bring into the

United States merchandize, and received, concealed, bought, and in any manner facilitated the transportation, concealment and sale of merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, that is the Defendant, **PAUL N. TEMPLE**, then knowing that said merchandise, non FDA approved hGH from China, had been imported and brought into the United States contrary to law, in violation of Title 21, United States Code, Sections 331(a), (d), 352(f), and 355, all in violation of Title 18, United States Code Section 545 and Title 18, United States Code Section 2.  18 U.S.C. § 545 and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION

18 U.S.C. §§ 545 and 982(a)(2)(B), 21 U.S.C. §§ 333(e)(3) and 853
28 U.S.C. § 2461(c)

A.      The allegations contained in Counts 1-22 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Sections 333(e)(3) and 853.

B.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 545 as set forth in Counts 21 and 22 of this Indictment, Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** shall forfeit to the United States of America, pursuant to Title 18 U.S.C. §§ 982(a)(2)(B) and 545 and Title 28 U.S.C. § 2461(c), all property, real and personal, constituting, or derived directly or indirectly from proceeds traceable to the commission of the offense(s); and

C.      Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Section 333(e)(1) as set forth in Counts 2 through 20 of this Indictment, Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** shall forfeit to the United States of America, pursuant to 21 U.S.C. §§ 333(e)(3) and 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation[s], including but not limited to the following:

1. MONEY JUDGMENT: A sum of money equal to at least **$406,648.75** in United States currency, representing the amount of proceeds obtained as a

result of the offenses, 21 U.S.C. § 333(e), for which the Defendants, **LINDA C. BUNCH, DALLAS D. HUMBLE,** and **PAUL N. TEMPLE,** are jointly and severally liable.

2. REAL PROPERTY: Real property located at **3602 Cypress Street, West Monroe, Louisiana.**

3. OTHER PROPERTY: **LINDA C. BUNCH**'s license to practice medicine in the State of Louisiana.

D.    By virtue of the commission, by the Defendants of one or more of the felony offenses charged in Counts One through Twenty-Three of this Indictment, any and all interest the Defendants' have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and (a)(2).

E.    If any of the property described above, as a result of any act or omission of the Defendants –

      (1)    cannot be located upon the exercise of due diligence;

      (2)    has been transferred or sold to, or deposited with, a third party;

      (3)    has been placed beyond the jurisdiction of the court;

      (4)    has been substantially diminished in value; or

      (5)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 218, United States Code, Section 333(e)(3).   All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

STEPHANIE A. FINLEY
UNITED STATES ATTORNEY

By: _____
CYTHERIA D. JERNIGAN (D.C. Bar # 494742)
Assistant United States Attorney